UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WILTON RODRIGUEZ :
:
v. : C.A. No. 19-00013-WES
:
JAMES WEEDEN :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This is a habeas corpus petition filed under 28 U.S.C. § 2241 by a state pretrial detainee. The State has moved to dismiss the Petition for failing to state any claims upon which federal habeas relief could be granted. (ECF No. 5). Petitioner objects. (ECF No. 7). The State's Motion has been referred to me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)). For the following reasons, I recommend that the State's Motion be GRANTED and that this Petition be DISMISSED with prejudice.

**Facts**

The travel of this case in state court is undisputed. On April 25, 2018, Petitioner initially appeared in Sixth Division District Court on three counts of first degree child molestation. State v. Rodriguez, 62-2018-05258. He was held without bail. On October 26, 2018, Petitioner's counsel filed a Motion to Dismiss and/or Set Bail pursuant to R.I. Gen. Laws § 12-13-6 because Petitioner "had not been indicted after being incarcerated for 6 months." (ECF No. 6 at p. 7).[1] On November

---

[1] Section 12-13-6 of the Rhode Island General Laws states: "Every person who shall be imprisoned upon suspicion of having committed an offense for which bail may be denied pursuant to the provisions of R.I. Const., Art. I, Sec. IX shall be bailed or discharged if not indicted or charged by information within six (6) months after the commitment."

8, 2018, the District Court denied the Motion to Dismiss but set bail at $250,000.00 with surety. Petitioner did not post bail.

On November 14, 2018, a state grand jury indicted Petitioner on four counts of first degree child molestation and two counts of second degree child molestation. State v. Rodriguez, P1-2018-3303A. Petitioner was arraigned on those charges in Providence County Superior Court on the same day. After argument, the Superior Court ordered Petitioner held without bail pending trial. He remains in that status and now petitions this Court to be released on the bail terms previously set by the state District Court.

**Discussion**

Petitioner asserts two grounds for relief. First, he contends that he is held in violation of R.I. Gen. Laws § 12-13-6 because it requires that if a defendant is not indicted within six months of his initial "commitment,"[2] he shall be bailed or discharged. (ECF No. 1 at p. 6). Second, he argues that the bail set in District Court on November 8, 2018 was "arbitrarily revoked." Id.

The State moves to dismiss both claims because they are based on an alleged violation or misinterpretation of state law which is not cognizable under 28 U.S.C. § 2241. The State accurately argues that it is well settled that "[a]n inmate confined pursuant to a state court order may seek federal habeas corpus relief only if he is in custody in violation of the United States Constitution or federal law." Martin v. DiGuglielmo, 644 F. Supp. 2d 612, 616 (W.D. Pa. 2008); see also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless…[h]e is in custody in violation of the Constitution or law or treaties of the United States…."); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas

---

[2] It is undisputed that Petitioner was not indicted within six months of his April 25, 2018 initial appearance and pretrial detention in District Court.

review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States.") "Violations of state law or state procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before habeas relief may be granted." Martin, 644 F. Supp. 2d at 616 (citing Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558 (1982); Wells v. Petsock, 941 F.2d 253 (3rd Cir. 1991)).

Petitioner does not contest these principles and thus his first claim, a purely state law based claim for relief, is not cognizable under Section 2244. However, he argues that his second claim that his bail was "arbitrarily revoked" alleges a violation of the due process clause of the Fourteenth Amendment of the United States Constitution. Although the Petition does not expressly include any reference to a due process violation or the Fourteenth Amendment, it will be liberally construed to state such a claim.[3] However, even construing these undisputed facts in the light most favorable to Petitioner, he does not state a plausible due process claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Petitioner appears to be pursuing both a procedural and substantive due process challenge to his state pretrial detention. First, as to substantive due process, with "a regularity bordering on the monotonous," the First Circuit has clearly stated that "to be liable for a violation of substantive due process rights, a defendant must have engaged in behavior that is conscience-shocking." Mongeau v. City of Marlborough, 492 F.3d 14, 17 (1st Cir. 2007) (internal citation omitted). While substantive due process allegations are of course, context-specific, Ramos-Pinero v. Puerto Rico, 453 F.3d 48, 53 (1st Cir. 2006), they are reserved to render relief only in the "truly horrendous situations." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008) (internal citation omitted). A "substantive due process

---

[3] Petitioner's state Habeas Corpus Petition presented to the Rhode Island Supreme Court on December 4, 2018 does include a Fourteenth Amendment due process claim. (ECF No. 6 at pp. 9-10). Thus, it is reasonable to infer that Petitioner also intended to present a constitutional due process claim to this Court. The Supreme Court denied the Petition by Order dated December 17, 2018. Id. at p. 38.

claim implicates the essence of state action rather than its modalities; such a claim rests not on perceived procedural deficiencies but on the idea that the government's conduct, regardless of procedural swaddling, was in itself impermissible." Amsden v. Moran, 904 F.2d 748, 753 (1st Cir. 1990). In evaluating the suspect state action, the conduct must be stunning, egregiously unacceptable, outrageous, or conscience-shocking and evidence more than humdrum legal error. Id. at 754.

Petitioner has not alleged any facts that could possibly meet this high standard. He has been indicted of multiple counts of felony child molestation and was denied bail by the Superior Court after hearing. The Court reasonably rejected Petitioner's counsel's proffered interpretation of R.I. Gen. Laws §12-13-6 and detained Petitioner as a risk of flight. (ECF No. 5-3). The Court reasonably found a risk of flight, based on the seriousness of the charges,[4] the recent indictment and a pending order of deportation. Id. at p. 12. There is absolutely nothing "conscience shocking" about pretrial detention under these circumstances. Petitioner has not stated a plausible substantive due process claim.

Second, as to procedural due process, Petitioner has also failed to state any plausible constitutional violation. Petitioner argues that his bail was "arbitrarily revoked" by the Superior Court. However, it reasonably appears from the undisputed facts that the challenged decision was neither arbitrary nor a bail revocation. Procedural due process under the Fourteenth Amendment requires that an individual be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner" before deprivation of liberty. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). It is not the deprivation itself that is actionable, but only a deprivation without the requisite process. Id.

---

[4] First degree child molestation carries a statutory minimum sentence of twenty-five years. R.I. Gen. Laws § 11-37-8.2.

Here, Petitioner is represented by counsel in the state criminal proceedings and was afforded constitutionally adequate process. His counsel presented a motion under state law to the District Court, and he was granted bail as requested because of the State's delay in obtaining an indictment. He did not post bail. He was subsequently indicted on a total of six counts of felony child molestation (twice as many counts as originally charged by complaint in District Court). He was arraigned in Superior Court and granted a bail hearing. Petitioner's counsel was given a meaningful opportunity to present his state law argument regarding R.I. Gen. Laws § 12-13-6 to the Superior Court. The Superior Court rejected the proffered interpretation, and the Supreme Court denied habeas relief to Petitioner after review of that interpretation. Further, the Superior Court did not revoke bail, arbitrarily or otherwise. It made a reasonable determination based on the facts presented to it at the time of Petitioner's initial arraignment on the indictment that he presented a risk of flight and should not be granted pretrial release.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (ECF No. 5) be GRANTED and that this Petition be DISMISSED with prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 3, 2019